Filed 3/12/24  P. v. Martinez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID HURGEN MARTINEZ,<br><br>    Defendant and Appellant. | E082121<br><br>(Super.Ct.Nos. FVI6035 & VCR4848)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Dismissed.

David Hurgen Martinez, in pro. per.; Belinda Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## STATEMENT OF THE CASE

On February 15, 1990, a felony complaint charged defendant and appellant David Hurgen Martinez with second degree robbery under Penal Code[1] section 211 (count 1). The complaint also alleged that count 1 was a serious felony under section 1192.7, subdivision (c)(19). On the same day, defendant pled guilty to count 1 and the court sentenced defendant to the midterm of three years.

On June 7, 2023, defendant filed a pro. per. petition under sections 17, subdivision (b), and 1203.4 to reduce his 1990 felony conviction to a misdemeanor. In his petition, defendant wrote: "A vehicle was taken by myself & others without owners['] approval. I was already serving a 6 year sentence for possession/controlled substance so I took a deal for 'robbery 2nd' after public defender stated no need to fight charges since the time would run concurrent with the 6 yrs."

On July 21, 2023, at the hearing on defendant's petition, the People argued that defendant is "ineligible due to the charges, and he's also ineligible because he needs to have been out of custody for two years."[2] When the court asked defense counsel if he had any comments, counsel stated: "No, your Honor." Thereafter, the trial court denied defendant's petition.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] On May 29, 1999, a trial court sentenced defendant to 45 years in prison after defendant was convicted of felony second degree burglary (§ 211) and felony assault with a firearm on a person (§ 245, subd. (a)(2)). "In addition, while serving time on this case, on March 12, 2003, [defendant] was sentenced to six years in prison for PC4501.5, Battery by Prisoner."

# DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authorities of *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 739, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).[3] In the brief, pursuant to *Anders*, appellate counsel has identified the following issues to assist the court in its search of the record for error:

1. "Did the trial court err in denying appellant's petition under Penal Code section 1203.4 rather than section 17, subdivision (b)?"

2. "Did the trial court abuse its discretion in denying appellant's petition to reduce his 1990 felony conviction to a misdemeanor?"

3. "Did the deputy public defender who represented appellant at the July 21, 2023, hearing on his petition to dismiss under section 17, subdivision (b), render ineffective assistance of counsel?"

4. "Does the appellate record show that appellant's 1990 guilty plea [is] valid?"

5. "Does the appellate record show that appellant's 1990 attorney rendered ineffective assistance of counsel in advising him to plead guilty to Penal Code section 211?"

---

[3] Although counsel has filed the brief under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, we deem the brief to be filed under *Delgadillo*, *supra*, 14 Cal.5th 216 because this appeal involves a postjudgment motion.

We offered defendant an opportunity to file a personal supplemental brief. On January 23, 2024, defendant filed a nine-page typewritten brief, with an attachment of appellate counsel's *Delgadillo* brief. In defendant's brief, it appears that the crux of defendant's argument is that the court erred in denying his petition under section 1203.4, instead of section 17, subdivision (b). However, as will be discussed *ante*, section 17, subdivision (b) does not apply to this case.

The California Legislature has classified most crimes as either felonies or misdemeanors. (*People v. Park* (2013) 56 Cal.4th 782, 789.) Under section 17, subdivision (a), "[a] felony is a crime that is punishable with death, by imprisonment in the state prison, or, notwithstanding any other law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170." Some offenses, however, are known as "wobblers," and may be punished either as a felony or a misdemeanor. (*Park*, at p. 789.)

Under section 17, subdivision (b), when an offense qualifies as a "wobbler," the crime may be deemed a misdemeanor for all purposes under certain circumstances. These circumstances include: "(1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. [¶] . . . [¶] (3) When the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b)(1), (b)(3).)

Here, defendant pled guilty to second degree robbery under section 211, a felony. "Robbery is a straight felony, and section 17 does not authorize the reduction of straight felonies to misdemeanors." (*People v. Mendez* (1991) 234 Cal.App.3rd 1773, 1779; see *People v. Feyrer* (2010) 48 Cal.4th 426, 441-442 ["section 17, subdivision (b) applies solely to [wobblers]. . . . That statute does not confer upon the trial court the authority to reduce a straight felony to a misdemeanor"].) Therefore, section 17, subdivision (b), does not apply to defendant's section 211 conviction.

Moreover, even if section 211 was a wobbler, when the trial court imposed defendant's sentence, it did not declare defendant's crime to be a misdemeanor. Under section 17, subdivision (b), after defendant was sentenced to state prison, defendant's offense was *no longer eligible for reduction* to a misdemeanor. Therefore, the court did not err in denying his petition under section 1203.4, instead of section 17, subdivision (b), since defendant was ineligible for relief under section 17.

In addition, defendant argues: "Did the court error in not analyzing the request made pursuant to section 17(b) with the changes made by Prop. 47 in creating section 490.2?"

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Under Proposition 47, a defendant who is currently serving a sentence for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense, may petition for a recall of sentence and resentencing before the trial court that entered the judgment. (§ 1170.18, subds. (a)-(b).)

5

Moreover, Proposition 47 authorizes a defendant who has completed a sentence for a felony conviction, that would have qualified as a misdemeanor at the time of the offense, to apply to reclassify or reduce that conviction to a misdemeanor. (*Id.* at subds. (f)-(g).)

Defendant's conviction for robbery, however, is not subject to reclassification because a violation of section 211 is not one of the offenses within the scope of Proposition 47. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308 [listing code sections added by Proposition 47, none of which list section 211 as an offense within the proposition's purview].) Therefore, Proposition 47 does not apply to defendant's conviction for second degree robbery.

Based on the above, we find that the trial court lacked jurisdiction to grant defendant's motion under either section 17 or section 1203.4. "A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King* (2022) 77 Cal.App.5th 629, 739.) Under section 1237, subdivision (b), a court's postjudgment order is appealable "if that order affects a defendant's substantial rights. An order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights. [Citation.] Any appeal from such an order must be dismissed." (*People v. Alexander* (2020) 45 Cal.App.5th 341, 344.) Accordingly, because the trial court's denial of defendant's motion is not an appealable order, the appeal must be dismissed.

**DISPOSITION**

Defendant's appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

Acting P. J.

We concur:

RAPHAEL _____

J.

MENETREZ _____

J.